UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORP.,

          Plaintiffs,                       Case No. 1:17-cv-00066

v.                                       Hon. Paul L. Maloney

XL INSURANCE AMERICA, INC., formerly
known as WINTERTHUR INTERNATIONAL
AMERICA INSURANCE COMPANY,

          Defendant.

---

# Brief in Support of Plaintiffs' Motion in Limine on XL's Newly-Disclosed Trial Exhibits Regarding "Scorched-Earth" Litigation History

Table of Contents

Page

Introduction ................................................................................................. 1

Argument ..................................................................................................... 2

I.    The Order disqualifying Steven Routh and Hogan & Hartson is
      irrelevant and excludable under Fed. R. Evid. 403 ........................... 2

II.   The discovery orders identified by XL are irrelevant ....................... 5

III.  XL's briefs, affidavits and deposition transcript are hearsay,
      irrelevant, and attempt to present testimony of undisclosed
      witnesses. ......................................................................................... 6

IV.   The case management-related orders in *Stryker I* are irrelevant ..... 7

V.    Stryker's presentation of the evidence regarding XL's litigation
      history will be brief and targeted .................................................. 8

Conclusion.................................................................................................... 8

Certificate of Compliance .......................................................................... 10

## Introduction

On July 10, 2020, the parties filed the proposed joint final pre-trial order in this case (ECF No. 340).  Four days later, XL stated that it intended to add 15 new exhibits to its exhibit list.  These new, proposed exhibits are listed as Exhibits PPPPPP to DDDDDDD.  In general, these new exhibits fall into four categories:

(1)  An order in *Stryker Corp. v. XL Ins. Am.*, Case No. 4:01-cv-157 ("*Stryker I*") disqualifying Plaintiff's prior counsel because he was potentially a trial witness (Exhibit RRRRRR);

(2)  Discovery orders from *Stryker I* (Exhibits PPPPPP, QQQQQQ, SSSSSS, and TTTTTT);

(3)  Briefs, deposition transcripts, and an affidavit filed by XL in *Stryker I* (Exhibits VVVVVV, WWWWWW, YYYYYY, and AAAAAAA)

(4)  Case management-related orders (Exhibit CCCCCCC and DDDDDDD).

XL disclosed these new exhibits in response to this Court's order that XL's litigation tactics and history in *Stryker I* were relevant to XL's state of mind at the January 2009 settlement conference.  XL apparently wants to make Stryker's approach to this litigation and some related orders an issue in this case.  But the issue before the jury is not which party engaged in the most hardball tactics; rather, the issue is whether XL placed its interests ahead of Stryker's at the 2009 settlement conference.  Plaintiffs object to most of XL's new exhibits[1] because they are irrelevant, prejudicial, or hearsay.

---

[1] Plaintiffs do not object to XL's proposed Exhibit UUUUUU, which is the Court's December 1, 2004 Opinion, denying XL's motion for summary judgment, or proposed Exhibit ZZZZZZ, which is the Court's April 3, 2007 Opinion, ruling that Stryker was entitled to insurance coverage for the Uni-

<u>Argument</u>

**I.     The Order disqualifying Steven Routh and Hogan & Hartson is irrelevant and excludable under Fed. R. Evid. 403**

The issue in this case is whether XL acted in bad faith.  Under Michigan law, an insurer acts in bad faith if its conduct is "arbitrary, reckless, indifferent, or [in] intentional disregard of the interest of [the insured]." *Commercial Union Ins. Co. v. Liberty Mut. Ins. Co.*, 393 N.W.2d 161, 164 (Mich. 1986). "Good or bad faith is a state of mind." *Id.* at 164 n. 6 (*quoting Wakefield v. Globe Ins. Co.*, 225 N.W. 643 (Mich. 1929)).  "If the insurer is motivated by selfish purpose or by a desire to protect its own interests at the expense of its insured's interest, bad faith exists, even though the insurer's actions were not actually dishonest or fraudulent." *Commercial Union*, 393 N.W.2d at 164.

At trial, the jury will have to assess **XL's** motivations and state of mind at the January 2009 settlement conference.  The jury will have to assess whether **XL** put its interests ahead of Stryker's in paying the Pfizer judgment in February 2009.  But XL's new exhibits are not relevant to this issue. Rather, they focus on Stryker's conduct.

XL's proposed exhibit RRRRRR (Ex. 1, hereto) is a May 7, 2003 order, in which this Court disqualified Attorney Steven J. Routh and the law firm of Hogan & Hartson from representing Plaintiffs in *Stryker I*.  XL apparently wants to introduce this exhibit to show that Plaintiff's prior counsel was disqualified, just like XL's.

---

Knee claims. Nor do Plaintiffs object to proposed Exhibit XXXXXX, which is the 2007 Joint Final Pretrial Order, or proposed Exhibit BBBBBBB, which is a brief that Plaintiffs filed in 2012.

This exhibit should be excluded for three reasons.

*First*, it is irrelevant, because Mr. Routh's disqualification has nothing to do with the issue that the jury must decide.  That is, the order disqualifying Mr. Routh and Hogan & Hartson has no bearing on whether XL was motivated by selfish purpose at the January 2009 settlement conference.

*Second*, the proposed exhibit is irrelevant because the circumstances of Mr. Routh's disqualification are far different from those surrounding the disqualification of XL's prior counsel, James Walker.  The Court disqualified Mr. Routh and his firm because the Court determined that Mr. Routh was a "necessary witness," per Mich. R. Prof. Conduct 3.7, in *Stryker I*.  Mr. Routh had represented Plaintiffs in many of the underlying tort cases, and the management of those cases was one of the issues in *Stryker I*.  (See RE 187, 188, 190).  Defendants argued that Mr. Routh and his firm could not represent Plaintiffs in *Stryker I* (RE 188, 190), and the Court agreed.

In contrast, the Court disqualified Mr. Walker for witness tampering. Mr. Walker called the attorney for Plaintiffs' key witness, Daniel Dean, in an attempt to prevent him from testifying at trial.   The Court found that Mr. Walker had engaged in witness tampering, stating:

> I think this was witness tampering.  I think there was a knowing making of a false statement or [sic] a material fact to a third party, fact of [sic] law to a third party.  I think it's misconduct to engage in a misrepresentation which reflects adversely upon the lawyer and the profession here, and I think clearly Mr. Walker engaged in that." (*Stryker I*, RE 789, Tr. 10/18/2005, pg. 27-28).

3

XL apparently wants to introduce proposed Exhibit RRRRRR to equate Mr. Routh's conduct with Mr. Walker's.  But the two disqualification orders are very different.  Mr. Walker engaged in serious ethical misconduct; Mr. Routh did not.

*Third*, proposed Exhibit RRRRRR is substantially more prejudicial than probative, and it should be excluded under Fed. R. Evid. 403.  Under Rule 403, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury.  Here, proposed Exhibit RRRRRR has no probative value, but it does present the danger of unfair prejudice, confusing the issues, or misleading the jury.  XL may attempt to use Exhibit RRRRRR to argue that Mr. Routh or Stryker engaged in unethical conduct, just as XL's prior counsel did.  But neither Mr. Routh nor Stryker engaged in unethical conduct.

Additionally, proposed Exhibit RRRRRR may confuse the jury because Plaintiffs intend to call D. Andrew Portinga, an attorney at Miller Johnson, as a witness in this case, and Messrs. David Gass, James Peterson, and Steve van Stempvoort, also attorneys at Miller Johnson, will represent Plaintiffs at trial in this case.  There is nothing improper about Messrs. Gass, Peterson and van Stempvoort acting as trial counsel in this case, even though Mr. Portinga is a witness.  Mich. R. Pro. Conduct 3.7(b) ("A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.").  XL does not dispute this.  PageID.4682.  Yet, XL may use

proposed Exhibit RRRRRR to confuse the jury into believing that it is improper for
Miller Johnson to be trial counsel when Mr. Portinga is a witness.

For these reasons, proposed Exhibit RRRRRR should be excluded.

## II.   The discovery orders identified by XL are irrelevant

Proposed Exhibits PPPPPP, QQQQQQ, SSSSSS, and TTTTTT (Exs. 2,
3, 4, and 5 hereto) are discovery orders in *Stryker I* between 2002 and 2004.  These
discovery orders are either wholly or partially unfavorable to Stryker.  In the July 3,
2002 order (proposed Exhibit PPPPPP), the Court held that plaintiff had withheld
medical records of claimants without justification.  In the August 8, 2002 order
(proposed Exhibit QQQQQQ), the Court held that plaintiffs had abused the discovery
process by improperly relying in Fed. R. Civ. P. 33(d).  Plaintiff's current counsel,
Miller Johnson, was not involved in the case at that time.[2]  Proposed Exhibit SSSSSS
is a September 18, 2003 order that follows up on the August 8, 2002 order.  Exhibit
TTTTTT addresses issues regarding the joint defense privilege.

XL apparently seeks to introduce these exhibits to show that Plaintiffs
had engaged in hardball discovery tactics, just like XL did.  This evidence is
irrelevant, however, because the jury is not being asked to assess Plaintiff's litigation
tactics.  Rather, the issue that the jury must decide is whether XL was motivated by
self-interest in settling with Pfizer.  *Commercial Union, supra.*  The jury must assess
XL's state of mind at January 2009 settlement conference.  This Court has already

---

[2] Miller Johnson first appeared on May 23, 2003 (RE 204).

ruled that XL's litigation conduct is relevant to this inquiry.  Stryker's, on the other hand, is not.

### III.   XL's briefs, affidavits and deposition transcript are hearsay, irrelevant, and attempt to present testimony of undisclosed witnesses.

Proposed Exhibit VVVVVV (Ex. 6 hereto) is a brief that XL filed after Mr. Walker was caught witness-tampering.  It attaches depositions of Daniel Dean (the witness that Mr. Walker was trying to prevent testifying), Geoffrey Welsher (an employee at Marsh, Stryker's insurance broker), and an affidavit from Mr. Walker. Exhibit WWWWWW (Ex. 7 hereto) is an affidavit of Mr. Walker.  Exhibit YYYYYY (Ex. 8 hereto) is XL's closing argument and brief in *Stryker I*.  Exhibit AAAAAAA (Ex. 9 hereto) is a status report submitted by XL on June 19, 2007.

All of these proposed exhibits are inadmissible hearsay.  They are out-of-court statements being submitted for the truth of the matters asserted.  Fed. R. Evid. 801.  No exception to the hearsay rule applies to these exhibits.  These exhibits should not be admitted.

Also, proposed Exhibit YYYYYY is irrelevant.  That exhibit is XL's closing argument after the 2007 trial.  The jury is not being asked to re-assess Judge Bell's coverage decision, and XL may not re-litigate *Stryker I*.  XL's closing argument in *Stryker I* has no bearing on the issue before the jury—whether XL acted in bad faith.  Likewise, XL's 2007 "updated status report" in *Stryker I* (proposed Exhibit AAAAAAA) is completely irrelevant to any issue in the case.

In addition to being inadmissible hearsay, the affidavit of Mr. Walker and the depositions transcripts of Messrs. Dean and Welsher should not be admitted

because XL never disclosed these individuals as potential witnesses.  XL did not list these individuals on its Rule 26(a)(1) disclosures. (Ex. 10). As such, their testimony may not be presented.  Fed. R. Civ. P. 37(c).

XL did not list these individuals on the final pre-trial order, either. (PageID.4728).  As a result, their testimony cannot be presented. Case Management Order, PageID.549 ("It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the list required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects.").  Stryker objects.

## IV.    The case management-related orders in *Stryker I* are irrelevant

Exhibit CCCCCCC (Ex. 11) is an Order of Consolidation, entered on October 15, 2012.  It is not relevant to whether XL acted in bad faith at the January 2009 settlement conference.

Exhibit DDDDDD (Ex. 12) is a September 15, 2005 Order adjourning the trial without date.  The Court entered this order the same date that Plaintiff alerted the Court to Mr. Walker's witness tampering.  (RE 744, Case No. 4:01-cv-00157 PageID.7112-7114).  In the order adjourning trial, the Court states that on the eve of trial, the Court was presented with a plethora of new issues and serious allegations of leading counsel ethical misbehavior.  The Court stated that it believed that all counsel was unprepared for trial.  This exhibit has no bearing on XL's state of mind at the January 2009 settlement conference.  It is irrelevant and should be excluded.

## V.      Stryker's presentation of the evidence regarding XL's litigation history will be brief and targeted

The Court's July 16, 2020 Order (ECF No. 353, PageID.4676), directs Stryker to address the scope of admissible evidence and exhibits related to the parties' "scorched earth" litigation history as well as the scope of Stryker's expected presentation of the issue to the jury.  This Court has already ruled that XL's litigation tactics and history are relevant to XL's state of mind at the January 2009 settlement conference.  Evidence and exhibits regarding XL's litigation tactics are admissible.

Regarding the scope of Stryker's presentation, Stryker does not intend to dwell on this issue, nor does Stryker have any incentive to bore the jury by re-litigating years of coverage litigation.  Stryker intends that its presentation of evidence on this issue will be brief and targeted.

## Conclusion

XL's proposed Exhibits PPPPPP, QQQQQQ, RRRRRR, SSSSSS, TTTTTT, VVVVVV, WWWWWW, YYYYYY, AAAAAAA, CCCCCCC and DDDDDDD are irrelevant, unduly prejudicial, hearsay, or in violation of Rule 37(c) and the Case Management Order.  They should not be admitted.

Respectfully Submitted,

MILLER JOHNSON
Attorneys for Plaintiffs

Dated: July 20, 2020          By ___/s/ James. R. Peterson_____
                                    David J. Gass (P34582)
                                    James R. Peterson (P43102)
                                    Stephen J. van Stempvoort (P79828)
                                    45 Ottawa Avenue SW, Suite 1100
                                    Grand Rapids, Michigan  49503
                              Telephone:  (616) 831-1700

<u>Certificate of Compliance</u>

1.      This brief complies with the type-volume limitation of W.D. Mich. LCivR 7.3(b)(i) because this brief contains 1962 words, excluding the parts of the brief exempted by W.D. Mich. LCivR 7.3(b)(i).

2.      This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 for Windows in 12-point Century Schoolbook font.

Dated: July 20, 2020                    /s/ James. R. Peterson
                                        David J. Gass (P34582)
                                        James. R. Peterson (P43102)
                                        Stephen J. van Stempvoort (P79828)
                                        Miller Johnson
                                        45 Ottawa Avenue SW, Suite 1100
                                        Grand Rapids, MI  49503
                                        (616) 831-1700

10