**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORP.,

                Plaintiffs,

vs.

XL INSURANCE AMERICA, INC., formerly
known as WINTERTHUR INTERNATIONAL
AMERICA INSURANCE COMPANY,

                Defendant.

Case No.: 1:17-cv-00066-PLM-PJG
HON. PAUL L. MALONEY

## XL'S OBJECTIONS TO THE SCOPE OF CHARLES HENDERSON'S REBUTTAL TESTIMONY

CHARLES W. BROWNING (P32978)
PLUNKETT COONEY
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
T: (248) 901-4000
cbrowning@plunkettcooney.com

Defendant XL Insurance America, Inc. ("XL") respectfully submits its Objections to the Scope of Charles Henderson's Rebuttal Testimony. Plaintiffs Stryker Corporation and Howmedica Osteonics Corporation (collectively, "Stryker") have requested to call Mr. Henderson, who testified in Stryker's case-in-chief, as a rebuttal witness to XL's expert, Steven Plitt. Stryker has identified six topics as to which Mr. Henderson will offer rebuttal testimony. XL objects to topics 2 through 5 on the basis that Stryker foresaw these topics being offered in XL's case-in-chief, such that they should have been addressed in Mr. Henderson's testimony in Stryker's case. Indeed, Stryker has presented evidence on topics 2 through 5 in its case-in-chief, and thus, XL further objects that rebuttal testimony on such topics will not constitute actual rebuttal evidence. *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 701 (6th Cir. 2001).

"Parties are expected to present all of their evidence in their case-in-chief, and allowance of a party to present additional evidence on rebuttal depends upon the circumstances of the case." *Clements v. Prudential Protective Servs., LLC,* 659 F. App'x 820, 823 (6th Cir. 2016). To that end, the district court has discretion "over the presentation of evidence and the interrogation of witnesses." *Martin v. Weaver*, 666 F.2d 1013, 1020 (6th Cir. 1981), citing Fed. R. Evid. 611(a). Likewise, "the district court may exclude relevant evidence which is otherwise cumulative, a waste of time, misleading or confusing to the jury or which causes undue delay or unfair prejudice." *Id*., citing Fed. R. Evid. 403.

Further, "in the exercise of sound discretion, the district court may limit the scope of rebuttal testimony . . . to that which is directed to rebut new evidence or new theories proffered in the defendant's case-in-chief." *Id*., citing *Geders v. United States*, 425 U.S. 80, 86 (1976); *Toth v. Grand Trunk R.R.,* 306 F.3d 335, 345 (6th Cir. 2002) (same). Evidence is "new" for the purposes of rebuttal "'if, under all the facts and circumstances, . . . the evidence was not fairly

1

and adequately presented to the trier of fact before the defendant's case-in-chief.'" *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 701 (6th Cir. 2001), quoting *Benedict v. United States*, 822 F.2d 1426, 1429 (6th Cir. 1987); *Toth*, 306 F.3d at 345.

While a plaintiff does not have a duty to anticipate a defense, *Toth*, 306 F.3d at 346, when a plaintiff "knows that the defendant 'means to contest an issue that is germane to the prima facie case,' the plaintiff 'must put in his evidence on the issue as part of his case in chief . . . Otherwise the plaintiff could reverse the order of proof, in effect requiring the defendants to put in their evidence before the plaintiff could put in his.'" *R.G. Barry Corp. v. Olivet Int'l, Inc.,* No. 2:15-CV-826, 2017 WL 4349067, at *11 (S.D. Ohio Sept. 29, 2017), quoting *Braun v. Lorillard Inc.,* 84 F.3d 230, 237 (7th Cir. 1996) (internal citation omitted). See *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000) ("When plaintiffs, however, seek to rebut defense theories which they knew about or reasonably could have anticipated, the district court is within its discretion in disallowing rebuttal testimony."); *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999) ("The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case."); *Cates v. Sears, Roebuck & Co*., 928 F.2d 679, 685 (5th Cir. 1991) ("Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief."); *Nelson v. Tennessee Gas Pipeline Co*., 243 F.3d 244, 250 (6th Cir. 2001) ("We likewise find that *fairness does not require that a plaintiff*, whose expert witness testimony has been found inadmissible under Daubert, *be afforded a second chance to marshal other expert opinions and shore up his case*." (Emphasis added)).

In *Varga, supra,* the Sixth Circuit upheld the district court's denial, in an age discrimination case, of plaintiffs' request to call a rebuttal witness. 242 F.3d at 700-701. Specifically, plaintiffs wanted to introduce rebuttal testimony to refute testimony from

defendant's witness regarding an Adverse Impact Review, which was a report prepared in support of defendant's reduction in workforce. *Id*. at 698, 700. The Sixth Circuit reasoned that the rebuttal testimony was not "real rebuttal evidence" for three reasons. *Id*. at 701. First, plaintiffs knew the report was "highly relevant to their case." *Id*. Second, plaintiffs chose not to depose the defendant's witness during discovery. *Id*. Third, the testimony from the rebuttal witness was not actually inconsistent with the testimony of defendant's witness and "its substance had already been presented to the jury through direct and cross examination of other witnesses." *Id*.

Here, Stryker has identified six subject areas that it represents Mr. Henderson will cover during his rebuttal testimony:

(1) What custom and practice requires when the policyholder is a sophisticated insured;

(2) Mr. Plitt's testimony that there is an automatic drop-down of the excess policy in the tower upon exhaustion;

(3) Whether XL should have determined TIG's position on coverage;

(4) Whether it was consistent with industry custom and practice for XL to assume that Stryker had done whatever was necessary to preserve coverage;

(5) Why Mr. Plitt is wrong about first in, first out,

(6) That he [Mr. Henderson] watched Mr. Plitt's testimony, and nothing Mr. Plitt said changes his opinions.

(**Ex. A.** August 14, 2020 Email.)

XL does not object to topics no. 1 and no. 6. XL does, however, object to topics 2 through 5. Prior to Stryker's case-in-chief, Stryker knew that XL intends to contest issues "germane" to its case. *R.G. Barry Corp.,* 2017 WL 4349067, at *11. That is, Stryker knew that XL intends to present evidence that XL was not required to determine TIG's position on

coverage (topic no. 3), it was consistent with industry custom and practice for XL to presume that Stryker preserved coverage under its policy with another carrier (topic no. 4), carriers can issue proceeds on claims in the order it chooses (topic no. 5), and an excess policy begins paying once the limits of the underlying policy are exhausted through actual payment (topic no. 2). See *R.G Barry Corp.*, 2017 WL 4349067, at *11.  In short, because Stryker knew that XL would be introducing evidence relating to topics 2 through 5 during XL's case-in-chief, Stryker was required to introduce such evidence in its case-in-chief.

In fact, Stryker has known about the evidence XL intends to introduce vis-à-vis Mr. Plitt for almost a year.  On or about September 30, 2019 and October 14, 2019, Stryker received Mr. Plitt's initial report and rebuttal report, respectively.  (**Ex. B**, Plitt Initial Report and Rebuttal Report.)  In Mr. Plitt's Rebuttal Report, topic no. 3 is addressed on page five (Para. A.14), topic no. 4 on page four (Para. A.9) and topic no. 5 on page two (Para. A.4).  Additionally, on November 5, 2019, Stryker took Mr. Plitt's discovery deposition, at which he testified regarding how the TIG policy would start paying once the XL policy was exhausted.  (**Ex. C**, Plitt Discovery Deposition, at pp. 113-114.)  Topics 2-5 were covered in Mr. Plitt's report and at his deposition, so Stryker cannot claim to be surprised by the presentation of such evidence.

Moreover, similar to the Sixth Circuit's holding in *Varga*, Stryker knew that topics 2 through 5 were "highly relevant" to its case.  See *Varga,* 242 F.3d at 701.  This is likely the reason why Stryker has already introduced topics 3, 4, and 5 to the jury through Mr. Henderson's testimony.  Specifically, Mr. Henderson has testified that, in his opinion, XL should have asked TIG how a settlement with Pfizer would impact Stryker's coverage under the TIG policy, which is the substance of topic no. 3.  Mr. Henderson also testified that XL was obligated to preserve coverage under the TIG policy, and thus, he has already opined on topic no. 4.  Further, Mr.

4

Henderson was questioned about the Sixth Circuit's decision in *Stryker Corp. v. XL Ins. Am.*, 681 F.3d 806, 814 n. 3 (6th Cir.), in which the court recognized that an insurer can pay claims in the order that it chooses, which is in accordance with Mr. Plitt's opinion. Thus, Mr. Henderson has already testified as to topic no. 5.[1] Accordingly, Mr. Henderson should be precluded from testifying as to topics 2 through 5 as such testimony will not be "real rebuttal evidence." See *Varga*, 242 F.3d at 701, *Toth*, 306 F.3d at 345.

In sum, XL objects to Mr. Henderson's rebuttal testimony relating to topics 2 through 5 for two reasons: (1) these topics address issues that Stryker knew XL was going to contest, and thus, Stryker had an obligation to put into evidence these issues as part of its case-in-chief, and (2) this testimony will not be actual rebuttal evidence as required under Sixth Circuit case law, see *Varga, Toth, supra*, because Stryker has already presented evidence on topics 2 through 5 to the jury  For these reasons, XL respectfully requests that the Court limit Mr. Henderson's rebuttal testimony to topics no. 1 and no. 6, only.

Dated: August 17, 2020

PLUNKETT COONEY

By: s/ *Charles W. Browning*
CHARLES W. BROWNING (P32978)
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
T: (248) 901-4000
cbrowning@plunkettcooney.com

*Attorneys for Defendant*
*XL Insurance America, Inc.*

---

[1] Mr. Henderson's trial testimony is based on the notes and memory of counsel, as a transcript of the proceedings is not yet available.

5

## **CERTIFICATE OF COMPLIANCE**

Defendant, XL Insurance America, Inc., certifies that its Objections to the Scope of Charles Henderson's Rebuttal Testimony 1,547 and was prepared using Microsoft Word 365. The word count was determined using Microsoft Word 365's word count function.

                                              *s/Charles W. Browning*
                                              Charles W. Browning (P32978)

Open.23899.70385.24753962-1