UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORP.,

      Plaintiffs,

v.

XL INSURANCE AMERICA, INC., formerly
known as WINTERTHUR INTERNATIONAL
AMERICA INSURANCE COMPANY,

      Defendant.

Case No. 1:17-cv-00066

Hon. Paul L. Maloney

## Stryker's Response in Opposition to XL's Objections to the Scope of Charles Henderson's Rebuttal Testimony [DE 429]

The Sixth Circuit holds that rebuttal evidence is appropriate regardless of whether it could have been offered in the plaintiff's case-in-chief, as long as it is "offered to refute new evidence offered in defendant's case-in-chief." *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 347 (6th Cir. 2002). Stryker intends to provide testimony from Mr. Henderson on six topics, each of which explains why Mr. Plitt's testimony on those topics is incorrect. XL objects to Mr. Henderson's testimony on four of those six topics, but there is no doubt that Mr. Henderon's testimony is offered to refute "new evidence" offered by XL—namely, Mr. Plitt's testimony on those topics. XL's objections should be overruled.

1

**Argument**

The district court has broad discretion over whether to admit evidence on rebuttal. *United States v. Caraway*, 411 F.3d 679, 683 (6th Cir. 2005). If the district court erroneously precludes a plaintiff from offering rebuttal testimony on a "critical issue," however, it may amount to reversible error. *See Benedict v. United States*, 822 F.2d 1426, 1430 (6th Cir. 1987) (district court abused its discretion by failing to permit the plaintiff's expert witness to rebut the defendant's expert testimony).

**I.   Stryker had no obligation to present the challenged portions of Mr. Henderson's rebuttal in its case-in-chief.**

XL asserts two arguments for limiting Mr. Henderson's rebuttal testimony. XL's first argument is that Topics 2 through 5 of Mr. Henderson's proposed testimony "address issues that Stryker knew XL was going to contest, and thus, Stryker had an obligation to put into evidence these issues as part of its case-in-chief." (XL's Brief, DE 429, PageID.6984). That is incorrect. The Sixth Circuit has ruled that a plaintiff has no obligation to anticipate a defendant's argument and has no obligation to present any particular evidence in its case-in-chief as opposed to in rebuttal.

Generally speaking, "[e]vidence introduced on rebuttal serves to rebut new evidence or new theories proffered in the defendant's case-in-chief." *Caraway*, 411 F.3d at 683 (cleaned up). Contrary to XL's argument, however, a plaintiff's introduction of rebuttal evidence "is not limited by the fact that the plaintiff could have introduced the proffered evidence in his case-in-chief." *Id*. That is because a

plaintiff has "no duty to anticipate the defense theories." *Martin v. Weaver*, 666 F.2d 1013, 1020 (6th Cir. 1981).

Thus, the fact that rebuttal evidence "could have been offered in the [plaintiff's] case-in-chief" is "irrelevant." *Toth*, 306 F.3d at 347. The salient question is instead whether "the rebuttal is offered to refute new evidence offered in defendant's case-in-chief." *Id.* XL is mistaken that Stryker had an obligation to have Mr. Henderson testify about Topics 2 through 5 in its case-in-chief.

This is particularly true in this case, where Stryker had asserted various objections to numerous portions of Mr. Plitt's testimony, which remained pending until this Court ruled on them—after Mr. Henderson had already testified. (Order, DE 431, PageID.7469). In other words, when Mr. Henderson testified, Stryker did not know what the full scope of Mr. Plitt's permissible testimony would be. Stryker had no obligation to have Mr. Henderson present testimony in Stryker's case-in-chief negating Mr. Plitt's testimony, particularly when this Court could—and earlier today did—rule that several aspects of Mr. Plitt's testimony would be inadmissible. (Order, DE 431, PageID.7469-7471).

## II. Mr. Henderson has not previously testified in rebuttal to Mr. Plitt's testimony.

XL next argues that Mr. Henderson's testimony on Topics 2 through 5 is not "real rebuttal evidence" because "Stryker has already presented evidence on topics 2 through 5 to the jury." (XL's Brief, DE 429, PageID.6984). But XL is mistaken about this, too.

3

Under *Toth*, rebuttal testimony is proper if "the rebuttal is offered to refute new evidence offered in defendant's case-in-chief." *Toth*, 306 F.3d at 347. The following chart demonstrates how Topics 2 through 5 of Mr. Henderson's proposed rebuttal testimony respond to specific portions of Mr. Plitt's testimony in his trial deposition:

| Topic | Plitt Trial Deposition Transcript[1] |
|---|---|
| (2) Mr. Plitt's testimony that there is an automatic drop-down of the excess policy in the tower upon exhaustion; | Pages 44, 63, 70, 75, 77, 94, 97, 101 |
| (3) Whether XL should have determined TIG's position on coverage; | Pages 79-81 |
| (4) Whether it was consistent with industry custom and practice for XL to assume that Stryker had done whatever was necessary to preserve coverage; | Pages 71-72 |
| (5) Why Mr. Plitt is wrong about first in, first out. | Pages 46, 99 |

Mr. Plitt clearly testified about each of these matters. Although Mr. Henderson testified about some of these issues in general, Mr. Henderson has not had the opportunity to testify why Mr. Plitt's analysis of each of these issues is incorrect. For example, although Mr. Henderson generally testified that the general industry standard is to pay claims on a first in, first out basis, Mr. Henderson has not been able to testify about why Mr. Plitt's view of the first-in, first-out rule is mistaken. Stryker is entitled to have Mr. Henderson respond to Mr. Plitt's testimony on each of these issues and to explain why Mr. Plitt's analysis is incorrect.

This case is therefore on all fours with the facts in *Benedict*, 822 F.2d at 1428. There, the plaintiff claimed that she contracted a disease as a result of a swine-

---

[1] Mr. Plitt's trial deposition transcript has been filed on this Court's docket at DE 425-1, PageID.6939-6974.

flu vaccination administered by the government. In her case-in-chief, the plaintiff presented the testimony of an expert who relied principally on clinical observation and the temporal connection between the vaccination and the onset of the disease to prove causation. *Id*. The defendant, in its case, presented experts who testified that a causal relationship could only be established through epidemiological data, not clinical observation, and that the epidemiological data refuted the plaintiff's theory of causation. *Id*. at 1428–29. The plaintiff sought to introduce expert testimony on rebuttal to show that the epidemiological data cited by the defense experts was inaccurate and that the data was actually consistent with the plaintiff's theory.

The district court excluded the rebuttal testimony because it "logically belonged in the case-in-chief and went to the case's central issue of causation." *Id*. at 1428. The Sixth Circuit, however, reversed the trial court, holding that the plaintiff was not required to present any particular theory of causation in her case-in-chief. The Sixth Circuit held that, "[a]lthough the epidemiological evidence was not 'new' since the parties knew of its existence prior to trial, it was new for rebuttal purposes." *Id*. at 1429. The Court reasoned that the plaintiff "had no duty to anticipate the [defendant's] defense or to negate in its own case-in-chief a theory that would later be raised by the [defendant]." *Id*. at 1429–30.

The same is true here. Stryker is entitled to wait until after Mr. Plitt's testimony before presenting evidence from Mr. Henderson that explains why Mr. Plitt's analysis is incorrect. XL had the same opportunity to have Mr. Plitt testify about why he believed that Mr. Henderson's analysis of each of these issues is

5

incorrect. If Mr. Plitt failed to supply that testimony, it is only because XL chose to present Mr. Plitt's testimony to the jury in the form of a de bene esse deposition. That was a strategic decision of XL's own making. Stryker should not be deprived of the opportunity to fully respond to Mr. Plitt's testimony through Mr. Henderson's rebuttal.

Stryker does not intend to re-plow old ground. Mr. Henderson's testimony will be focused on rebutting Mr. Plitt's testimony. By the same token, XL should not be permitted on cross-examination to re-tread prior testimony, either. In particular, XL has already asked Mr. Henderson about his qualifications, his interactions with Mr. Daly, and his perceptions about why he was not further promoted during his insurance industry career. Those facts will not be implicated by Mr. Henderson's rebuttal testimony, and XL should not be permitted to question Mr. Henderson about them again, either. Any cross-examination by XL should not exceed the scope of Mr. Henderson's rebuttal.

## Conclusion

This Court should overrule XL's objections.

Date: August 17, 2020      By:    /s/ Stephen J. van Stempvoort
                                  MILLER JOHNSON
                                  DAVID J. GASS
                                  JAMES R. PETERSON
                                  STEPHEN J. VAN STEMPVOORT
                                  45 Ottawa Avenue SW, Suite 1100
                                  Grand Rapids, Michigan 49503
                                  Tel: (616) 831-1700

                                  *Attorneys for Plaintiffs*