**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| STRYKER CORPORATION and HOWMEDICA OSTEONICS CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> XL INSURANCE AMERICA, INC., formerly known as WINTERTHUR INTERNATIONAL AMERICA INSURANCE COMPANY, <br><br> Defendant. | Case No.: 1:17-cv-00066-PLM-PJG <br> HON. PAUL L. MALONEY |

## XL INSURANCE AMERICA, INC.'S OBJECTIONS TO ADMISSION OF STRYKER'S DEMONSTRATIVE SLIDES INTO EVIDENCE

                                                            CHARLES W. BROWNING (P32978)
                                                            PLUNKETT COONEY
                                                            38505 Woodward Ave., Ste. 100
                                                            Bloomfield Hills, MI 48304
                                                            T: (248) 901-4000
                                                            cbrowning@plunkettcooney.com

Defendant XL Insurance America, Inc. ("XL") respectfully submits its Objections to Admission of Plaintiffs Stryker Corporation and Howmedica Osteonics Corp.'s (collectively, "Stryker") Demonstrative Slides into Evidence.  XL does not object to the admission of Slide 5 as a demonstrative exhibit; XL does, however, object to the remaining 21[1] slides in Stryker's PowerPoint presentation, which is attached as **Exhibit A**,[2] for two reasons.  First, the slides are rife with Stryker's arguments and theories of its case, which is not evidence.  Second, even if the Court were to find that certain slides constitute a pedagogical aid, they should not be admitted because they pose a certain danger of unfair prejudice, misleading the jury, and needlessly presenting cumulative evidence.

I. **The slides reflect Stryker's arguments and theories of its case, which is not evidence.**

Stryker is seeking to admit its theory of the case—its advocacy—into evidence.  This Stryker cannot do.  It is a well-settled principle of law that counsel's assertions or theories are not evidence.  *Mid-Century Ins. Co. v. Fish*, 749 F. Supp. 2d 657, 678 (W.D. Mich. 2010) ("Assertions by counsel do not constitute probative evidence." (citation and quotation omitted)); *Johnson v. Bell*, 525 F.3d 466, 485 (6th Cir. 2008) (noting, with approval, a jury instruction that "[s]tatements, arguments, and remarks of counsel are intended to help you in understanding the evidence and applying the law, but they are not evidence."); *DeJager Const., Inc. v. Schleininger*, 1996 WL 73168, *8 (W.D. Mich. Mar. 13, 1996) ("Statements of counsel, while binding as stipulations or concessions if made in open court or in writing, are not 'evidence'.... They are mere argument.").

---

[1] It is XL's understanding that Stryker has withdrawn slides 21, 24, 25, and 26.

[2] For purposes of clarity, XL will refer to the first slide in **Ex. A** as "Slide 1," the second slide as "Slide 2" and so forth.

XL and Stryker agreed to this general principle of law prior to commencement of trial. Such agreement is evidenced in Stipulated Instruction No. 8, which states in relevant part: "[t]he evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the video screen, the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.  Nothing else is evidence.  The lawyers' statements and arguments are not evidence."  (ECF No. 387, PageID.5626.)

Contrary to Sixth Circuit case law and Stipulated Instruction No. 8, Stryker now seeks to introduce its arguments and theories of the case into evidence through its slides.

Slides 6-8 exemplify Stryker's advocacy in these proposed demonstrative exhibits.  They literally show Stryker's theory of the case in graph form.  Stryker has relied on Slides 6-8 numerous times to assert that XL should have paid the "red arrow" before the "white arrow," but because XL "flipped the script" and paid the "white arrow" first, the "red arrow" was "pushed" into the TIG policy.[3]  According to Stryker, this constitutes bad faith.  Thus, because these graphs portray Stryker's theories and arguments, it would be impermissible to admit them as demonstrative evidence.  See *United States v. Martinez*, 588 F.3d 301, 311 (6th Cir. 2009) ("Demonstrative evidence is admissible to assist jurors in *understanding basic principles*." (Emphasis added)).

Slides 9-20 contain excerpts from correspondence and testimony.  Stryker draws attention to parts of the correspondence and testimony by magnifying and highlighting certain language. This overemphasis constitutes Stryker's understanding of the evidence and advocacy, which is

---

[3] This is from memory and notes of counsel as a transcript is not yet available.

not proper demonstrative evidence. While Stryker is certainly permitted to explain to the jury its understanding of evidence, admitting slides that are reflective of that understanding is improper.

Similarly, on Slides 1-4 and 22-23 Stryker overemphasizes certain language and numerical values, which is reflective of what Stryker believes is relevant for the jury to decide. For instance, on Slide 2 Stryker highlights the phrase "penalty interest." Additionally, on Slide 22, under the heading, "Liability Phase – 5.5 years," Stryker states: "XL *vigorously* contested coverage" and "XL lost – it *wrongfully* denied coverage." (Emphasis added.) This is loaded language that is suited for motion papers, not demonstrative evidence. See *Martinez, supra*.

Further, Slides 9-12, and 16-17 are titled "Stryker Objects." This is Stryker's argument. Not only does XL oppose this position, but it has introduced evidence to the contrary—i.e. that Stryker did not object. Similarly, Stryker devotes two slides, 13-14, to overemphasize an email from Mr. Betz and to depict its assertion that XL acted in bad faith.

In sum, with the exception of Slide 5, the jury should not be permitted to use Stryker's slides during their deliberations because they portray Stryker's arguments and theories of the case, which is not proper demonstrative evidence.

**II.     The slides will undoubtedly cause unfair prejudice to XL, will mislead the jury, and will needlessly present cumulative evidence.**

Even if the Court were to find that the slides constitute a pedagogical aid, the slides may only be admitted if they are "relevant, probative, and not unduly prejudicial." *United States v. Stone*, No. 10-20123; 2012 WL 933353, at *2 (E.D. Mich. Mar. 20, 2012), citing *United States v. Baldwin*, 418 F.3d 575, 579–80 (6th Cir. 2005); see Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, ... misleading the jury, … or needlessly presenting cumulative evidence."). Stryker's slides are unduly prejudicial, and thus should not be admitted.

4

A few cases are instructive. In *United States v. Gazie*, 786 F.2d 1166, *6 (6th Cir. 1986) (Table), the Sixth Circuit cautioned that charts and summaries pose a "danger of misleading the jury," such that even with a limiting instruction, "the better practice is to allow the exhibit to be used only as a demonstrative adjunct to testimony, and not to allow the chart to be formally admitted into evidence and thus go to the jury room." *Id*. at *7.

Additionally, in *Nevers v. Altec Indus. Inc*., No. 07-CV-12422; 2009 WL 910491 (E.D. Mich. Mar. 31, 2009), the district court considered the admissibility of a model truck as demonstrative evidence. *Nevers* was a product liability case in which the plaintiff alleged injuries while working on a truck designed by the defendant. The defendant filed a motion in limine to preclude plaintiff from admitting a model truck with an alternative design as a demonstrative exhibit. *Id*. at *4. The defendant argued that while it did not object to plaintiff using the model truck as a demonstrative at trial, the truck "should not be admitted into evidence as it has *no independent probative value.*" *Id*. (Emphasis added.) In response, the plaintiff asserted that the model truck with an alternative design "was direct evidence that (1) Defendant was aware that it was economically and practically feasible to place the controls in an area where Plaintiff claims that they should have been placed and (2) Defendant had done so prior to Plaintiff's injury." *Id*.

The district court ruled that the model truck was not admissible as demonstrative evidence. In particular, the court stated, "[t]o the extent that Plaintiff seeks to admit evidence of an economically and practically feasible alternative design, Plaintiff may solicit testimony from witnesses as to the design and may seek the admission of direct evidence (e.g., photographs, mock-ups, drawings, etc.) of the alternative design." *Id*. The court further noted, "[a]dmission of the Model Truck, because of the differences between it and the one at issue in this case, runs a

5

substantial risk of confusing or misleading the jury." *Id*. See § 401:6 Demonstrative Evidence: Maps, Models, Drawings, Charts and Tangible Items, 2 Handbook of Fed. Evid. § 401:6 (8th ed.) (noting that while mathematical certainty is not required for a "drawing, map, model or chart" that is used for illustrative purposes only, if such "drawing, map, model or chart does not aid in understanding by reason of such inaccuracies, i.e., is misleading even after being explained, the exhibit will properly be excluded.").

Additionally, in *Stryker Corp. v. XL Ins. Am.*, No. 4:01CV157; 2007 WL 214347 *4 (W.D. Mich. Jan. 23, 2007), Stryker sought to introduce into evidence a "modified version" of an affidavit that was combined with portions of testimony. XL asserted that it was inadmissible irrelevant, cumulative, and unduly prejudicial. Stryker disagreed, asserting that it was a proper demonstrative exhibit. The district court agreed with XL that the modified affidavit was unfairly prejudicial, reasoning that it contained information that was not part of the original affidavit, as well as "background information . . . information about shelf life policy not contained in the affidavit and the compensation rate for one of the parties at the deposition." *Id*. The court further noted that it contained "conclusory statements indicating that the shelf life policy was unnecessary." *Id*. Accordingly, the court declined to admit the modified affidavit as a demonstrative aid on the basis that it was unfairly prejudicial.

The danger of unfair prejudice to XL if Stryker's slides are admitted cannot be overstated. There is a risk that the jury will rely on these slides as conclusive fact. There is also a risk that the jury will rely on only Stryker's slides, instead of reviewing the actual evidence and weighing the credibility of the witnesses. A limiting instruction will not sufficiently curb the risk of unfair prejudice because the slides present incomplete facts, are conclusory, and are so clearly skewed in favor of Stryker.

If Stryker wants the jury to focus on certain evidence, Stryker can say as much in its closing argument, given that the January 23, 2009 and January 30, 2009 letters from Miller Johnson, the January 26, 2009 email from Mr. Betz, and the transcript of the September 21, 2009 hearing are admitted into evidence. See Exhibits 15, 17, 45, 58; see Slides 9-21. Additionally, because the correspondence and statements referenced in Slides 9-21 are admitted into evidence, Slides 9-21 present needlessly cumulative evidence and have no "independent value." *Nevers*, 2009 WL 910491 at *4. Further, admitting Slides 9-21, with only certain portions of Exhibits 15, 17, 45, and 58 highlighted, poses the risk of misleading the jury into adopting Stryker's emphasis without deliberating the importance of each complete document independently. Moreover, Slides 1-4, 6-8, and 23, depict inaccurate charts and timelines, and present Stryker's theory of the case, which will cause juror confusion and mislead the jury into thinking Stryker's assertions are conclusive fact.

The bottom line: Stryker's slides, with the exception of Slide 5, present a grave and actual danger of unfair prejudice to XL. They also pose a certain danger of misleading the jury and constitute needlessly cumulative evidence. Accordingly, this Court should exclude the admission of all slides, except for Slide 5.

## CONCLUSION

Wherefore, XL respectfully requests that the Court preclude the admission of Slides 1-4, 6-20, 22 and 23.

Dated: August 18, 2020                  PLUNKETT COONEY

By: s/ *Charles W. Browning*
CHARLES W. BROWNING (P32978)
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
T: (248) 901-4000
cbrowning@plunkettcooney.com

*Attorneys for Defendant*
*XL Insurance America, Inc.*

## CERTIFICATE OF COMPLIANCE

Defendant, XL Insurance America, Inc., certifies that its Objections to Admission of Stryker's Slides into Evidence contains 1,824 words and was prepared using Microsoft Word 365. The word count was determined using Microsoft Word 365's word count function.

*s/Charles W. Browning*
Charles W. Browning (P32978)

Open.23899.70385.24769997-1